People v Newell (2025 NY Slip Op 05641)

People v Newell

2025 NY Slip Op 05641

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Ind. No. 1778/18|Appeal No. 4947|Case No. 2020-00300|

[*1]The People of the State of New York, Respondent,
v
Daniel Newell, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered October 24, 2019, convicting defendant, after a jury trial, of arson in the second degree, arson in the fifth degree, petit larceny, and criminal mischief in the fourth degree, and sentencing him to a term of six years followed by five years of postrelease supervision on the arson in the second degree count and concurrent terms of six months on each of the other counts, unanimously affirmed.
The jury's request for the "video of defendant shoplifting" in a Duane Reade store was an unambiguous request calling for a ministerial response (see People v Hernandez, 198 AD3d 465, 466 [1st Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Snipes, 178 AD3d 405, 406 [1st Dept 2019], lv denied 34 NY3d 1163 [2020]; see also People v Damiano, 87 NY2d 477, 487 [1996]). Accordingly, the court was not obligated to solicit the views of counsel regarding an appropriate response and properly sent the video exhibit to the jury room pursuant to the parties' previous authorization to "send the exhibits in without you being here."
Defendant's ineffective assistance of counsel claim is unreviewable. Defendant made the same arguments in a CPL 440.10 motion that was denied, and this Court denied leave to appeal (see People v Jolivert, 223 AD3d 572, 573 [1st Dept 2024], lv denied 41 NY3d 984 [2024]).
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025